Powell, J.
This is an action to enjoin an assessment levied against a lot in the village of Dennison belonging to the plaintiff, A. F. Winchell, by the council of said village, or so much thereof as is *104 in excess of the special benefits accruing to said lot by the improvement of McCrea avenue, on which said lot abuts.
No question is made as to the regularity of the procedure which resulted in the levy of the assessment sought to be enjoined. Complaint is made by plaintiff that said assessment exceeds in a substantial degree the special benefits received by the construction of the improvement for which said assessment was made and it is contended by defendant that plaintiff is estopped from complaining of said assessment and from maintaining this action for two reasons—
1. That he knew of the construction of said improvement and aided in its promotion without objection until the same had been completed, although he had full knowledge of the manner in which the assessments for the improvement were to be made.
2. That he with other lot owners filed a petition with the council of said village, asking for such improvement to be made, and by the terms of-which he waived all rights as to the limitation of the assessment to be made.
Trial was had in the court of common pleas and a special finding of fact was made, which, with the court’s conclusions of law and the judgment rendered thereon, is brought to this court for review.
The finding of fact shows that the lot of plaintiff was enhanced in value by reason of said improvement in the sum of $175; that the special assessment levied against the same for its proportionate share of the cost of said improvement was the sum *105 of $472.50, or the sum of $297.50 in excess of the special benefits conferred.
The principle on which special assessments may be levied on private property for the expense of local public improvements is thus stated by our supreme court:
“1. The fundamental principle underlying an assessment made on property for the cost and expense of a local public improvement is, that the property is specially benefited by the improvement beyond the benefits common to the public, and that a ratable assessment of the property to the extent of these benefits violates no constitutional right of the owner, and is just and proper. But it can in no case exceed the benefits without impairing the inviolability of private property.” Walsh v. Barron, Treas., 61 Ohio St., 15.
The authority to levy special assessments to the extent of special benefits is justified in that it is a benefit to the general public as well as to the owner of the property, and it is in legal effect analogous to the exercise of the police power of the state for the general benefit. But any excess of assessment over the special benefits conferred is in violation of the rights of private property and is in conflict with Section 19, Article I of the Ohio Constitution.
This rule applied to this case would show plaintiff entitled to the relief prayed for by him unless it appears that for some act of his own he is not entitled to the benefits of the rule.
The defense makes this claim upon two separate grounds, viz., estoppel and waiver. If either of these grounds operates to defeat plaintiff’s claim, it *106 must be by reason of some act of his own, or by some omission to act when he should have acted, whereby the defendant was misled to its disadvantage-and loss.
It is contended by defendant that plaintiff participated in the promotion of said improvement; that he took an active part in inducing the council to order the improvement to be made; that he watched the progress of the work of constructing it, and had full knowledge of all the proceedings until the work had been completed, including the levying of assessments, the appointment of an equalizing board and the amounts finally assessed and charged to the respective properties assessed, including his own, without objection or protest and without making any claim for damages by reason of an excessive assessment or otherwise. Admitting the truth of all these contentions, are they sufficient to operate as an estoppel to maintain this action? It must be remembered that plaintiff is asking only to have the excess of said assessment over special benefits remitted, and that the matters 'relied on to constitute an estoppel are not inconsistent with a willingness on his part to pay the full amount of special benefits received, as an assessment towards the cost and expense of making such improvement, and to this extent his acts would operate as an estoppel. But more than this is necessary to constitute an estoppel as to such excess. As to this, knowledge alone is not sufficient. His consent and agreement to pay such excess must be had, either by express agreement or by necessary implication.
Plaintiff had a right to rely on the assessments *107 being made according to the rule adopted by the council in its assessing ordinance, and that in constructing said improvement all the necessary proceedings for that purpose would be had according to law, and such reliance on his part would not operate as an estoppel to the maintenance of this action. Our conclusion is that plaintiff is not so estopped.
Did he waive the statutory and constitutional limitations to special assessments by signing, with others, and filing with the council of said village, the petition set forth in the answer and finding of facts ?
Said petition was drawn and filed under the terms of Section 3836, General Code, and contained a provision indicating the manner or rule of assessment to be followed in providing for the cost and expense of making such improvement.
There are three methods or rules of making special assessments, viz.: (1) .By a percentage of the tax value of the property assessed. (2) In proportion to the benefits which may result from the improvement. (3) By the foot front of the property bounding and abutting upon the improvement. (Section 3812, General Code.)
The third method of making such assessments was designated in the petition filed with the council.
The principles which control in cases of this kind are the same as apply in construing contractual obligations. Before a party can be held to pay an excess assessment he must consent and agree to pay it. The petition presented to council was in the nature of the offer or proposition in a contract. To make it binding on the party making the offer *108 there must be an acceptance by the other party. The acceptance must go to all of the terms of the offer. There was no such acceptance here on the part of the village. The plaintiff proposed one form of assessment by which he was willing to abide. The village adopted another form, with a different limitation to the amount that might lawfully be assessed. He cannot be held to have assented to such change. It may be said that the village accepted and acted on the petition in so far as it proceeded, to construct the improvement prayed for and in making the assessments so far as they were valid. But to this extent there could be no waiver, as the village had the right to do what it did lawfully do without any such petition having been filed. It is only to the proceedings beyond the statutory limitations that a waiver could be held to apply. The fact that council did not accept the terms of the petition disposes of the claim of waiver in plaintiff’s favor. But if it were not so, this alone would not defeat plaintiff’s right to the relief asked for. The waiver would only be such as would apply to the limitations provided for in assessments by the foot frontage. This would be only a waiver of the 33 1-3 per cent, limitation up to and including the full amount of the. special benefits' received, but it would not waive anything beyond that. There is no question that a party may, by appropriate terms, waive any civil, statutory, or even constitutional, rights. No such waiver appears in this record.
It follows that the court of common pleas erred in its conclusions of law as applied to the finding of facts,, and that its judgment should be reversed.
*109 Proceeding to render the judgment that the court of common pleas should have rendered, we find that the whole of said assessment above the sum of $175 is in excess of the special benefits received by plaintiff from the construction of the improvement complained of and is invalid, and that the collection of such excess should be perpetually enjoined.

Judgment reversed and judgment for plaintiff in error.

Shields and Houck, JJ., concur.