Hamilton, J.
Plaintiff, James Wilder, together with three other owners of property abutting Trenton avenue, from West Eighth street to *454 the corporation line in the city of Cincinnati, Ohio, bring this, action to enjoin the collection of assessments levied to pay the cost of improving said Trenton avenue.
It is claimed that the assessment is illegal in that the legislation providing therefor included both paving and the laying of a water main, which are distinct and separate improvements and require separate legislation, and that the city, under said improvement legislation, constructed a sewer in said street, which is included in the assessment; that the assessment was made by the abutting feet and without regard to the benefits conferred; that the assessment exceeds the benefits conferred and is greatly in excess of one-third the market value of the lots after the improvement was made.
The case of Roebling et al. v. The City of Cincinnati et al. involves the same propositions and by agreement is consolidated with the Wilder case and both cases are considered together. The following state of facts appears:
On June 11, 1912, a petition signed by the owners of more than three-fourths in interest of the property abutting on Trenton avenue, including the owners of the abutting property here in question, was filed in council, requesting that sewer connections and the street be made on said Trenton avenue, and for an extension of the trunk sewer, and urging immediate action.
Thereupon, under the direction of council, the engineering department of the city returned an estimate of the cost of the improvement, together with plans, and specifications for the same, which estimate was in the sum of $31,052; and, there *455 upon, on March 11, 1913, the necessary resolution of necessity was passed, which provided that the cost of intersections and 2% of the total cost be paid by the city and the remainder assessed by the front foot on the abutting property.
On the same day a second petition was filed by said property owners requesting the paving, “the same as the ordinance is now introduced in council,” and asking that the paving be done from West Eighth street to Foley Road. It appears that Foley Road is near the corporation line.
The improvement was made and the assessing ordinance duly passed.
The plaintiffs suggest some question as to the formality of the wording and presentation of the petition, but as no particular formality of wording or presentation is required under the statute we do not consider this objection well taken. The petitions were clear as to the improvements desired, and they were filed with council.
It is claimed that the legislation is illegal for the reason that it contains two subjects, to-wit, the paving of the street and the laying of water mains. The defense is that all necessary and legal steps to comply with the statute which authorizes the assessment were properly taken; and in addition thereto is the defense of estoppel.
The incorporation in a single ordinance of legislation for street improvements and the laying of water mains is authorized by Section 3812, General Code, which provides, among other improvements, for the laying of water mains, paving, grading, etc., and that the legislation may include any one or all of these things.
*456 The subject is a street improvement and under Section 3812, General Code, may be made as an entirety. All or any portion of different classes of improvements enumerated in this section may be embraced within one general improvement, which shall be provided for by resolution of necessity as provided in Section 3814, General Code.
It will be noted that the second petition was filed with full knowledge of the passing and contents of the resolution of necessity and of the estimates of cost on file in the city council, which estimates showed the cost would approximate ten dollars per front foot.
The including of the provision in the resolution of necessity for the laying of water mains and the including of the cost thereof in the assessing ordinance was, therefore, not illegal on that account. Baldwin et al. v. Springfield et al., 10 N. P., N. S., 65, and Page v. City of Columbus, 15 C. C., N. S., 40, affirmed, without opinion, 86 Ohio St., 333.
We will next give consideration to the claim that the assessment is illegal for the reason that it exceeds the benefits conferred on the property and that it exceeds one-third the market value thereof.
The .improvement was made under Section 3836, General Code, upon a petition subscribed by three-fourths in interest of the owners of the property abutting said improvement. That section provides :
“* * * the entire cost of any improvement of such street or highway, without reference to the value of the lands of those who subscribed such petition, may be assessed and collected * * * in a manner to be indicated in the petition, or if not *457 so indicated, then in the manner which may be fixed by the council. * * * When the lot or land of one who did not subscribe the petition is assessed, such assessment shall not exceed thirty-three per cent of the tax value -of his lot or land.”
It is admitted that the amount assessed exceeds the value of the property in question. Section 3836 provides that when the petition filed by the property owners does not indicate the manner in which the assessment shall be made, council may fix by legislation the method. The petition not providing the manner, the council was empowered to do so under this section, and it fixed a manner by the front foot assessment, this being one of the methods provided by law.
The question then is, Under Section 3836 can an assessment be made against the property subscribed by the petitioners in excess of one-third the valuation thereof, or in excess of the benefits conferred ?
Plaintiffs mainly rely upon Birdseye v. Village of Clyde, 61 Ohio St., 27, in support of their proposition. We do not think that case, however, is authority here. In that case it was held that the landowner was not estopped to object to the assessment because he had acquiesced in the construction of the improvement and had petitioned therefor. It does not appear, however, that the court had under consideration Section 3836, nor that three-fourths of the property owners had joined in the petition. It appears that the improvement was made under a special statute for the improvement, and it was held that it was. not to be assumed that the plaintiff waived the benefit of the general statute because *458 he asked for the work, and the general statute provided that no assessment should be made on any lot or land for an assessment in excess of twenty-five per cent, of the value. But, in the case at bar, the petitions bring the improvement under Section 3836, which provides that the assessment could be made in a manner which may be fixed by council, and that the entire cost could be assessed without reference to the value of the lands of those who subscribed to the petition.
Further request for the improvement was made with knowledge of the legislation, the plans, profiles and estimates, and with this knowledge an additional petition, urging the improvement, was placed on file. Acting upon the petition, the legislation, and the petition filed with knowledge of the legislation and the estimates, council proceeded with the improvement and incurred the expenses thereof. It may be said further in construing Section 3836 that additional emphasis is given to the right to assess without reference to the value of the land, by the following clause: “When the lot or land of one who did not subscribe the petition is assessed, such assessment shall not exceed thirty-three per cent, of the tax value of his lot or land.” It, therefore, appears clear from the reading of the statute that while those who did not sign could only be assessed one-third of the value of their'lots' or lands, those who did sign could be assessed without reference to the value.
We are of opinion, therefore, that the necessary steps to make the assessments legal under the statute were taken by the city under the terms of the statute, and that the assessments should be up *459 held. However, if there was any defect in any of the proceedings of the city, imperiling the assessment, it would seem the petitioners were estopped under the circumstances of the case to question the assessment.
We are of opinion that the only grounds under which there could be legal objection to the assessment would be whether or not Section 3836 was constitutional as giving the power to assess beyond the special benefits conferred. The law is well established that although a law authorizing an improvement, and assessment therefor, is found to be unconstitutional, a party who has petitioned for and received the full benefit of the improvement, may be compelled to pay for that- benefit under -the terms of the law. This is on the theory of an implied contract, the terms of which may be sought in the invalid law, and which arises when the full consideration has been received by the party against whom the contract is sought to be enforced. (O’Brien v. Wheelock, 184 U. S., 450.) In the case at bar, the plaintiffs in fact received the full consideration from the contract. They obtained the improvement asked for, so far as the doing of the work and the incurring of the expense is concerned. They knew the method of the improvement when they filed the last petition. They knew the estimated cost per front foot. They knew the improvement included the laying of water mains and sewer, and it appears that the assessment therefor was less than the estimated cost. We are therefore of opinion that the plaintiffs are estopped to deny the validity of the assessment. Shepard v. Barron, 194 U. S., 553; Murphy v. Sims, Treas., *460 et al., 7 C. C., N. S., 193, affirmed 76 Ohio St., 626, and Tone v. Columbus, 39 Ohio St., 281.
The cases cited in the brief of counsel for plaintiffs are clearly distinguishable from the case at bar. In the Case of Winchell v. Village of Dennison, 5 Ohio App., 103, council did not comply with the plaintiff’s petition and the method of assessment was different from that asked for in the petition. The case of Walsh v. Barron, Treas., 61 Ohio St., 15, was one where no petition was filed. In that case defendant Walsh did not petition for,_ promote or participate in the making of the improvement.
For the reasons above stated, and from authorities cited, we find that the assessments are valid liens on the property, and the injunction will be denied.

Injunction denied.

Shohl, P. J., and Cushing, J., concur.