DeArmond, Trustee, *v.* City of Hamilton et al.

(Decided July 28, 1927.)

*Mr. Paul Scudder,* for plaintiff.
*Mr. L. J. Ziliox,* city solicitor, and *Mr. Harry J. Koehler, Jr.,* for defendants.

Cushing, J. .Plaintiff, the owner of a number of lots in Highland Park subdivision in the city of Hamilton, prosecutes this action to enjoin the city from collecting an assessment for a sanitary sewer.

Two petitions were filed with the council of said

city, requesting the improvement. The first was filed June 18, 1919, and is:

"To the Honorable City Council, Hamilton, Ohio—

"Gentlemen:

"We, the undersigned, being the owners of all the property abutting on the west side of Eaton avenue from the alley south of Cereal avenue to Highland avenue, and on the north side of Cereal avenue from Eaton avenue to Park avenue, and on the east side of Park avenue from Cereal avenue to Highland avenue, and on the south side of Highland avenue from Park avenue to Eaton avenue, on both sides of Haldeman avenue from Park avenue to Eaton avenue, on both sides of Dick avenue from Cereal avenue to Highland avenue, on both sides of Marcia avenue from Cereal avenue to Highland avenue, on both sides of Emerson avenue from Cereal avenue to Highland avenue, on both sides of Haven avenue from Cereal avenue to Highland avenue, and on both sides of Lawn avenue from Cereal avenue to Highland avenue, hereby respectfully petition your honorable body to construct sanitary sewers on the easement indicated on the plat of the above-described property, known as Highland Park. We also respectfully petition your honorable body to improve the aforesaid streets with permanent pavements, including the necessary curbs, gutters, and sidewalks, and that so much of the entire cost and expense thereof as may be lawfully assessed upon the adjacent, contiguous, or other specifically benefited lots and lands be assessed by the foot front or according to benefits upon the lots and lands bounding and abutting on said streets between the points aforesaid; said assessment to be in semiannual install-

ments or in cash, at the option of the owner of the property assessed, in the manner provided by law for the levy and collection of special assessments.

"And, in consideration of the making of said improvements as herein petitioned for, we do hereby waive the limitation of assessment as provided by Section 3819 of the General Code of Ohio, limiting assessments to the special benefits conferred upon the property assessed and limiting assessments for any and all purposes within a period of five years to 33⅓ per cent. of the actual value after the improvement was made."

The pertinent part of this petition is the waiver contained in the last paragraph, waiving the limitation of assessment as provided in Section 3819 of the General Code.

The second petition was filed May 3, 1922, and is as follows:

"To the Council of the City of Hamilton, State of Ohio:

"We, the undersigned, being owners of all the property abutting on Haldeman avenue between Eaton avenue and Main street, hereby respectfully petition your honorable body for the improvement of said street between Eaton avenue and Main street, by paving the roadway thereof with a permanent material, and constructing sidewalks, curbing, guttering, sanitary sewers, house connections, and water service connections, where necessary, and that the entire cost of said improvement be assessed by a percentage of the tax value thereof, or in proportion to the benefits, or by the front footage that will result from said improvement upon the lots and

lands bounding and abutting upon said Haldeman avenue between the points aforesaid.

"And the undersigned and each of them consent and request that said assessments be levied and collected without reference to the value of the property of subscribers hereto, and waive all benefits of the statute limiting assessments to thirty-three and one-third per cent. of the actual value of the property assessed; said assessments to be payable in 20 annual installments, proportioned to the whole assessment, or in cash, at the option of the owner of the property, assessed, in the manner provided by law, for the levy and collection of assessments."

This petition contains a waiver of the limitation of assessments under the statute, and adds, "said assessments to be payable in 20 annual installments."

In 1923, council of said city passed an assessing ordinance, making the assessments payable in 10 annual installments on the following lots: 13746, 16739, 16751, 16752, 16753, 16766, 16778, 16782, 16796, 16808, 16809, 16813, 16841, 16911, 16912, and 16920.

The question is whether these assessments can be collected in 10 annual installments under the petitions; or whether the condition, made a part of the waiver, must be followed. If not, the only assessment that can be collected is that provided by statute.

The case of *Winchell* v. *Village of Dennison*, 5 Ohio App., 103, states:

"The petition presented to council was in the nature of the offer or proposition in a contract."

On the other hand, if the petition is considered a

conditional waiver, the case of *Roebling* v. *City of Cincinnati*, 102 Ohio St., 460, 132 N. E., 60, would apply. The court in that case said in part, that the assessment may be levied, depending upon a construction of the subject-matter of the petition, and in determining this the language used must be strictly construed against the municipality, and in favor of the petitioner.

Section 3911, General Code, also provides that "proceedings shall be strictly construed in favor of the owner of the property assessed," etc.

The petitioners agreed to waive in case the assessments were payable in 20 annual installments. They did not waive in case the payments were to be made in 10 annual installments.

There was no limitation as to the property described in the petition of 1919, and as to that property the petition will be dismissed.

The limitation in the petition of 1922 not having been complied with by council, the injunction will be granted as to that property.

A decree may be prepared accordingly.

*Decree accordingly.*

HAMILTON, P. J., concurs.