## DeARMOND, TEE v. CITY OF HAMILTON.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 375.   Decided July 28, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**1159.   TAXES AND ASSESSMENTS.**
Where petition to council for street improvement, waives limitation of assessment provided in Section 3819 GC., on condition that said assessments be payable in 20 annual installments, council cannot, by ordinance, collect such assessment in ten installments.

## INJUNCTION GRANTED.

Paul Scudder, Hamilton, for DeArmond.
L. J. Ziliox, City Solicitor and Harry J. Koehler, Jr., Hamilton, for City of Hamilton.

## STATEMENT OF FACTS.

Plaintiff, who owns a number of lots in Highland Park Subdivision in the City of Hamilton, prosecutes this action to enjoin the City from collecting an assessment for a sanitary sewer.

Two petitions were filed with the Council of said City, requesting the improvement.   The first was filed June 18th, 1919.

The pertinent part of this petition is the waiver contained in the last paragraph, waiving the limitation of assessment as provided in Section 3819 of the General Code.   The second petition was filed May 3, 1922. ·

This petition contains a waiver of the limitation of assessments under the statute, and adds "said assessment to be payable in 20 annual installments."

(Continued on Page 294)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### April 26, 1928

21123—Jack Yerman v. R. A. Boccia; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Turney & Sipe, Cleveland, for plaintiff; Joseph Nucci, Cleveland, for defendant.

21124—New Jersey Insurance Co. v. James W. Ball et al.; motion for an order directing the Court of Appeals of Hamilton county to certify its record. C. M. Smith, Cincinnati, for plaintiff; A. O. Haefner, Cincinnati,· for defendant.

21125—Nelson H. Brook v. Elizabeth Ranson; motion for an order directing the Court of Appeals of Lucas county to certify its record. L. E. Gorman, Toledo, for plaintiff; C. W. Davis, Toledo, for defendant.

### April 27, 1928

21126—George Nicora et al v. Youngstown Sheet & Tube Co.; motion for an order directing the Court of Appeals of Trumbull county to certify its record. John J. Boyle and Fred J. Heim, Youngstown, for plaintiff; Kennedy, Manchester Conroy & Ford, Youngstown, for defendant.

21127—Gertrude C. Raymond et al v. Belle McLaughlin Hearon; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Dolle, O'Donnell & Cash, Cincinnati, for plaintiff; E. H. Brink, Cincinnati, for defendant.

### April 28, 1928

21128—Hamlin Harper et al v. The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Charles P. Taft, 2d, and Augustus Beall, Jr., Cincinnati, for plaintiffs.

21129—Mary B. Carley v. L. G. Van Ness; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Sylvester Hickey, Cincinnati, for plaintiff; Nichols. Morrill, Marx, Wood & Ginter, Cincinnati, for defendant.

### April 30, 1928

21130—Wilbur William Hand v. State of Ohio; motion for leave to file petition in error to the Court of Appeals of Crawford county. Geo. C. Bryce, Toledo, for plaintiff; L. H. Kreiter, Bucyrus, and E. C. Turner, Columbus, for defendant.

21131—Industrial Commission of Ohio v. Abner G. Clark; motion for an order directing the Court of Appeals of Butler county to certify its record. Harmon, Colston, Goldsmith & Hoadley, Cincinnati, for plaintiff; Harry S. Wonnell, Hamilton, for defendant.

21132—The St. Croix Mfg. Co. v. Aetna Casualty & Surety Co.; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Turney & Sipe, Cleveland, for plaintiff; Squire, Sanders & Dempsey, Cleveland, for defendant.

### May 1, 1928

21133—Morton Petitt v. W. C. Morton et al; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. H. L. Deibel, Cleveland, for plaintiff; Day & Day, Cleveland, for defendants.

### May 2, 1928

21134—Board of County Commissioners of Lorain County v. State of Ohio, ex rel. Joseph Finegold; motion for an order directing the Court of Appeals of Lorain county to certify its record. Baird, Vandemark

& Butler, Elyria, for plaintiff; H. C. Johnson, Elyria, and Squire, Sanders & Dempsey, Cleveland, for defendant.

## PROCEEDINGS OF
## SUPREME COURT

### Wednesday, May 2, 1928

21059—Booker T. Horton v. State of Ohio; error to the Court of Appeals of Cuyahoga county. Petition in error filed as of right dismissed, no debatable constitutuional question involved. Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Dock 6 Abs. 237.

21071—The Citizens Wholesale Supply Co. v. The Welber Co.; error to the Court of Appeals of Franklin county. Petition in error filed as of right dismissed, no debatable constitutional question involved. Day, Allen Kinkade, Robinson and Jones, JJ., concur. Marshall, CJ., and Matthias, J., not participating. Dock. 6 Abs. 253.

21073—City of Bellaire v. Salvatore Battistell et al.; error to the Court of Appeals of Belmont county. Petition in error filed as of right dismissed, no debatable constitutional question involved, Allen, Kinkade, Robinson and Jones, JJ., concuru. Marshall, CJ., and Matthias, J., not participating. Dock. 6 Abs. 253.

21074—Edward A. Evans v. Edwin D. Morgan et al.; error to the Court of Appeals of Lucas county. Petition in error filed as of right dismissed, no debatable constitutional question involved. Day, Allen, Kinkade, Robinson and Jones, JJ., concur. Marshall, CJ., and Matthias, J., not participating. Dock. 6 Abs. 253.

### MOTION DOCKET

21020—Levi C. Goodale et al. v. Rupert Harvie et al. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 205.

21022—Fred Turske et al. v. Lorenz Selzer et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 205.

21028—Joseph Toper et al. v. City of Columbus, Ohio. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 221.

21029—Mrs. Cecil George, Admrx., v. Madeline Dolt. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 221.

21030—Lewis Sista et al. v. State, ex rel. G. H. Birrell. Motion for an order directing the Court of Appeals of Trumbull county to certify its record. Overruled. Dock. 6 Abs. 221.

21042—Florence G. Goebel v. The Cincinnati Postal Terminal Realty Co. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Allowed. Dock. 6 Abs. 221.

21043—John W. Foraker, Extr., v. The Monroe Bank et al. Motion for an order directing the Court of Appeals of Monroe county to certify its record. Overruled. Dock. 6 Abs. 221.

21047—William E. Hofer v. William Edward Blair. Motion for an order directing the Court of Appeals of Warren county to certify its record. Overruled. Dock. 6 Abs. 221.

21050—Livio C. Scovaner v. Joseph H. Toleke. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Allowed. Dock. 6 Abs. 221.

21052—Zenia Bower v. Harry W. Bruck. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 237.

21053—Zenia Bower v. Frank M. Bruck. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 237.

21059—Booker T. Horton v. State of Ohio. Motion by defendant to dismiss petition in error filed as of right and motion for leave to file petition in error. Sustained. Dock. 6 Abs. 237.

21059—Booker T. Horton v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled. Dock. 6 Abs. 237.

21061—Lima, Toledo R. R. Co. v. Harriett Lucas. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 237.

21062—Star Rubber Co. v. Naphis Hale. Motion for an order directing the Court of Appeals of Summit county to certify its record. Overruled. Dock. 6 Abs. 237.

21063—Employers Liability Assurance Corp. of London, Eng.; v. The Trucson Steel Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock 6. Abs. 237.

21065—J. E. Powell v. John W. Klinger et al. Motion for an order directing the Court of Appeals of Perry county to certify its record. Overruled. Dock. 6 Abs. 253.

21066—In the Matter of the Complaint against Hal C. DeRan, an Attorney. Motion for an order directing the Court of Appeals of Sandusky county to certify its record. Overruled. Dock. 6 Abs. 253.

21070—The Columbus Railway, Power & Light Co. v. Leacy Henderson. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 253.

21071—The Citizens Wholesale Supply Co. v. The Welber Co. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 253.

21071—The Citzens Wholesale Supply Co. v. The Welber Co. Motion by defendant to dismiss petition in error filed as of right. Sustained. Dock. 6 Abs. 253.

21072—The Tax Commission of Ohio v. The Farmers Loan & Trust Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 253.

21073—City of Bellaire v. Salvatore Battistell et al. Motion for an order directing the Court of Appeals of Belmont county to certify its record. Overruled. Dock. 6 Abs. 253.

21073—City of Bellaire et al. v. Salvatore Battistell et al. Motion by defendant to dismiss petition in error filed as of right. Sustained. Dock. 6 Abs. 253.

21074—Edward A. Evans v. Edwin D. Morgan et al. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 253.

21074—Edward A. Evans v. Edwin D. Morgan et al. motion by defendant to dismiss petition in error filed as of right. Sustained. Dock. 6 Abs. 253.

21075—Industrial Commision of Ohio v. Benjamin Chambers. Motion for an order directing the Court of Appeals of Sandusky county to certify its record. Overruled. Dock. 6 Abs. 253.

21076—Amanda J. Zwick v. Karl G. Zwick. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 253.

21077—The Coca Cola Bottling Works v. Maggie Meyers, Admrx. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 253.

(Continued from Page 292)

In 1923, Council of said City passed an assessing ordinance, making the assessments payable in ten annual installments.

CUSHING, J.

"The question is—whether these assessments can be collected in ten annual installments under the petitions; or, whether the condition, made a part of the waiver, must be followed: If not, the only assessment that can be collected is that provided by statute.

The case of Winchell v. Dennison, 5 Ohio App. Rep. 103, states: 'The petition presented to council was in the nature of the offer or proposition in a contract.'

On the other hand, if the petition is considered a conditional waiver, the case of Roebling v. Cincinnati, 102 Oh. St. 460, would apply. The court in that case, in part, said that the assessment may be levied, depending upon a construction of the subject matter of the petition, and, in determining this, the language used must be strictly construed against the municipality, and in favor of the petitioner.

Section 3911 GC. also provides that 'proceedings shall be strictly construed in favor of the owner of the property assessed, etc.'

The petitioners agreed to waive in case the assessments were payable in twenty annual installments. They did not waive in case the payments were to be made in ten annual installments.

There was no limitation as to the property described in the petition of 1919, and, as to that property, the petition will be dismissed.

The limitation in the petition of 1922, not having been complied with by Counci,l the injunction will be granted as to that property."

A decree may be prepared accordingly.

(Hamilton, P. J., concurs.)