## LEWELLYN v
## SOUTH ZANESVILLE (village) et

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 30, 1932

Clarence J. Crossland, Zanesville, for plaintiff.

L. M. Soliday, Zanesville, and Pugh & Van Dervoort, Zanesville, for defendants.

SHERICK, PJ.

The questions presented to this court for solution must be considered from two aspects, the first of which we consider to be the right to relief possessed by the plaintiff · heirs. Treating the petition for the improvement in the manner indicated in the next preceding paragraph, we reach the conclusion that the plaintiff heirs have been illegally assessed in excess of 33 1-3 per cent. of the actual value of their undivided one-half interest in the property; that is, that their half interest cannot be legally assessed for an amount in excess of $100, and the collection of all above that sum is permanently enjoined, as prayed for. Our reason for so holding we would now expound.

It is provided, in part, in §3836, GC, that, "When the lot or land of one who did not subscribe the petition is assessed, such assessment shall not exceed thirty-three and one-third per cent. of the actual value of his lot or land after improvement is made." It therefore seems clear that the intent of the Legislature was that a nonsubscribing property owner to a street improvement petition should not be estopped by his silence and inactivity in protesting the making of such an improvement in conformity to such a petition, even though that property owner knew, or must have known, that

his portion of the assessment, irrespective of the manner of assessment adopted by council, would exceed the one-third value of his property after the improvement was made.

In other words, the Legislature did not contemplate by the re-enactment of §3836, GC, to repeal the salient provision contained in §3819, GC, as to limiting ·assessments to 33 1-3 per cent. of the property's value.

We entertain the opinion that a non-subscriber to such a petition has a right to presume that the municipal authorities will do that for him which the law requires and prescribes, in that it will not confiscate his property by imposing an assessment thereon greater than its value, for which he did not petition and which he did not in any way instigate or encourage; rather it would seem to be the duty of municipal officials to check the owners of property prior to improvement legislation to determine by estimate whether the property of a non-subscriber thereafter to be assessed could legally bear the·assessment finally imposed. Such action would protect the property owner and the public treasury.

We have been placed in possession of a portion of the Supreme Court file in the case of Conkle v City of Bellevue, 117 Oh St, 585, 159 NE, 581, from which it appears that that case dealt with an assessment made by the foot-front plan, after the improvement was completed. It does not, however, appear therefrom whether or not plaintiff therein petitioned for or encouraged the improvement. The trial court and Court of Appeals of the Sixth District held "that §§3848 and 3895 GC apply to an assessment by the foot front method, and, as the plaintiff did not file objections under the provision of §3848 GC, he cannot now avail himself of the remedy by injunction provided by §12075 GC." This judgment was reversed by the Supreme Court without further comment than "In the opinion of a majority of this court, §12075 GC provides a concurrent remedy under the facts and circumstances of this controversy."

The facts and circumstances of the Conkle case being the same as the facts of this case, except in one particular hereinafter to be noticed, which applies only to the situation of the heirs herein, compel this court to follow the final decision therein, which we think is supported by our reasoning hereinbefore stated.

In this case appears the fact or circumstances that the heirs are-tenants in common, and in this alone does this case differ from the Conkle case. A tenant in common is without doubt the absolute owner of that portion of undivided real estate of which he is possessed, and of which he may dispossess himself by·proper conveyance. And it is likewise self-evident that one cotenant cannot convey away the interest of another cotenant, and if he cannot convey away he cannot create a lien upon the interest of his cotenant unless duly authorized and empowered so to do. And it must be apparent that when one subscribes a property owner's petition for a street improvement, he thereby, under §3836, GC, consents to the creation of an assessment lien as against his property, which is the basis of the municipality's future right to assess his property. He cannot by his unauthorized act charge his cotenant's interest with an assessment lien, any more than he could mortgage it.

The presumption that the petitioner was authorized to charge the heirs' interest in this instance is overcome by the agreed facts, and it is not agreed that the petitioner had authority to sign for and bind the heirs. The holding of the court in **Tone's Executors v City of Columbus, 1 C. C., 305, 307, 1 C. D., 168,** affirmed without report 16 W. L. B., 309, fully states our view. "The regularity of the proceedings of the city council is presumed, and the plaintiffs are charged with the burden of proving the irregularity which they allege. And this is true, although it calls upon them to prove a negative. But this presumption is not so far reaching as counsel for defendants claim. One who, upon the issues joined, is charged with the burden of proving a negative, is not bound to furnish plenary proof, that is, proof excluding every hypothesis upon which the fact might be otherwise than as he asserts it to be. Consideration is·due to other presumptions of law and to the rules which take account of the conveniences of parties in offering their evidence. Where the plaintiffs have shown that the owner's signature was not affixed by herself, it is the duty of the defendants who assert the validity of the signature, to show that it was affixed by some one who had authority."

Considering the validity of the assessment over and above the 33 1-3 per cent. of its value as against the petitioner's interest in the assessed premises, we are of opinion that the petitioner is entitled to the relief prayed for. We feel that we are in part supported from our understanding of the Conkle case, supra. On the other hand, we perceive another logical deduc-

tion which prompts us to that end.

It is held in **Winchell v Village of Dennison, 5 Oh Ap, 103, 107,** that a "petition presented to council was in the nature of the offer or proposition in a contract." This is adopted as a sound principle in the more recent case of **DeArmond v City of Hamilton, 27 Oh Ap, 258, 261, (6 Abs 292), 161 NE, 29.** If it be true that the petitioner's written request of council is an offer sounding in contract, and accepted by the village in its legislation for improvement, surely it must follow that the terms of such a contract cannot by court construction be enlarged so as to include a waiver of tax limitations provided by statute, unless there be some higher law so permitting.

We have previously herein concluded that the reenactment of §3836, GC, did not repeal or abridge §3819, GC, nor do we think that §3836 GC limits the application of the last section of the chapter on assessments, §3911, GC, wherein it is provided that "the proceedings shall be strictly construed in favor of the owner of the property assessed or injured, as to the limitations on assessment of private property."

The petition for improvement in this instance does not purport to waive any tax limitation. It is not shown or agreed that the petitioner knew or should have known that the cost of the improvement was far in excess of what he could legally be made to pay. He without doubt contemplated some benefit from the improvement, and it is safe to say that he did not anticipate that his property would be confiscated. He is not estopped by his act in signing the petition or by his conduct thereafter.

We do not consider the question to be an open one in this state. The amendment of §3836, GC, is not such as materially changes the law as it previously stood in this respect. The Supreme Court, considering this section in 1921, in the case of Roebling v City of Cincinnati, 102 Oh St, 460, 132 NE, 60, held in the second paragraph of the syllabus: "A petition presented to the council of a municipality by the required number of property owners, under §3836, GC, may effect a waiver of the limitations of amounts that may be assessed against their properties provided by other sections of the General Code, depending on a construction of the subject-matter of the petition itself; and in determining this the language used must be strictly construed against the municipality and in favor of the petitioners."

The mere fact that one signs a street improvement petition does not waive his right to the benefit of tax limitations. What the petition says in this respect is all-important. §3836, GC, as it now stands, does not nullify §§3819 or 3911 GC; and the remedy of injunctive relief under §12075 GC is cumulative and is not lost in this instance by failure to object to the assessment as authorized by §3848 GC.

A decree may therefore be entered for plaintiffs, as prayed for.

LEMERT and MONTGOMERY, JJ, concur.