OPINION
Defendant-appellant, Steven E. Barker, appeals the decision of the Preble County Court of Common Pleas denying his motion for leave to withdraw his guilty pleas.
On May 5, 1995, in Preble County, Ohio, appellant pled guilty to two counts of rape, four counts of theft, two counts of kidnapping, one count of felonious sexual penetration, three counts of attempted aggravated robbery, and one count of attempted kidnapping. The trial court accepted appellant's guilty pleas. Appellant received a sentence of forty-five to one hundred thirty-five years.
At the time appellant entered his guilty plea in Ohio, similar charges were pending against him in Indiana. Discussions regarding those charges occurred between the Preble County prosecutor and Wayne County, Indiana Prosecutor Terry O'Maley. On May 5, 1995, O'Maley sent a letter to the Preble County prosecutor stating the intent of Wayne County to prosecute appellant. Specifically, the letter communicated Indiana's desire that appellant plead guilty to eight charges of sexual assault, for a total sentence of ninety years in Indiana. If appellant would so plead, O'Maley stated that "[t]he State would recommend that the Wayne County, Indiana offenses be served concurrently to sentences in Preble County, Ohio." O'Maley stated that "[w]hether or not the sentences can be concurrent is not certain, but Wayne County would so recommend."
Appellant entered his guilty pleas in Ohio after being informed of the terms of the May 5, 1995 letter. After entering his guilty pleas in Ohio, appellant was transported to Indiana. Mark Jones, a public defender, was appointed to represent appellant on the Indiana charges. Testimony established that O'Maley contacted Jones to negotiate guilty pleas on the eight sexual assault charges referenced in the May 5, 1995 letter. Jones informed O'Maley that appellant was unwilling to negotiate a plea under the terms of the May 5, 1995 letter because he had not committed the crimes charged.
On December 1, 1997, the state of Indiana and appellant reached a new agreement under which appellant pled guilty to six charges. Under the new agreement, appellant received a sentence of fifty years to be served consecutively to appellant's Ohio sentence.
On July 7, 1998, appellant filed a pro se motion in Preble County, Ohio in which he requested a ruling on his previous motion for leave to withdraw his guilty pleas in Ohio. After a series of denials and subsequent motions to reconsider, the matter was ultimately set for hearing on November 18, 1998. In a March 3, 1999 decision and entry, the trial court denied appellant's motion to withdraw his guilty plea. Appellant filed this appeal raising the following assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN OVERRULING HIS MOTION TO WITHDRAW HIS PLEA OF GUILTY.
Withdrawal of a guilty plea is governed by Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."[1]
It is uncontested that appellant's motion was filed after his sentence was imposed. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Further, "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at paragraph two of the syllabus.
Appellant does not argue that his plea was unknowing or involuntary. Rather, appellant contends that his plea agreement in Ohio was contingent upon the Indiana agreement. Appellant argues that Indiana breached the agreement because his sentences in Indiana were imposed consecutively to his sentences in Ohio. Appellant claims that he was denied the benefit of his bargain, and that he should have been granted leave to withdraw his guilty plea in Ohio.
At the November 18, 1998 hearing, O'Maley testified that when he first approached Jones regarding the terms of the May 5, 1995 letter, Jones informed O'Maley that appellant was not interested. According to O'Maley's testimony, Jones stated that "his client had not done the offenses with which he was charged. Therefore, there could be no substantive negotiation." O'Maley further stated, "Mr. Barker, through his attorneys, were [sic] quite adamant — would be a fair characterization — that Mr. Barker had not agreed to plead guilty and could not agree to plead guilty on any terms whether it be a letter dated May 5, whether it be oral conversations between the sides." O'Maley also stated, "The only time I ever spoke to anyone who spoke in [sic] behalf of Mr. Barker was Mr. Jones, who clearly and succinctly said that there was no interest in the letter dated May 5, 1995, and its terms."
At the November 18, 1998 hearing, appellant provided contrary testimony, stating that he was willing to accept the terms of the May 5, 1995 letter. Appellant testified that he wanted to proceed with the terms of the May 5, 1995 letter, but that he was led to believe the Indiana prosecutor had refused to make an offer according to the terms of the May 5, 1995 letter.
After considering O'Maley's testimony and appellant's contrary testimony, the trial court stated in its March 3, 1999 decision that "Mr. O'Maley's testimony is credible and supported by the documentary evidence. Defendant's testimony is not credible." As stated above, the determination of appellant's good faith and credibility are clearly matters for the sound discretion of the trial court. See Smith, 49 Ohio St.2d at paragraph two of the syllabus.
A plea agreement is contractual in nature and subject to contract law standards. State v. Butts (1996), 112 Ohio App.3d 683,685-686, quoting Baker v. United States (C.A.6, 1986),781 F.2d 85, 90. A valid contract requires both an offer and acceptance. Winchell v. Dennison (1915), 5 Ohio App. 103,107-108. To become a binding contract, an offer must be accepted by communicating the acceptance to the offeror. Id.
O'Maley's testimony established that acceptance of his original offer was never communicated to him. In fact, appellant, through his attorney, refused to accept the terms proposed in the May 5, 1995 letter. Without a valid acceptance, no binding agreement was ever formed. Therefore, appellant has no claim that the agreement was breached when, due to his own actions, no binding agreement was ever entered. The fact that appellant entered a subsequent agreement on several of the same Indiana charges does not change the fact that the terms of the May 5, 1995 letter are of no effect because appellant failed to accept O'Maley's original offer.
We find no abuse of discretion in the trial court's finding that appellant has shown no manifest injustice. Therefore, under Crim.R. 32.1, the trial court properly denied appellant's motion for leave to withdraw his guilty plea.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] We note that the wording of Crim.R. 32.1 as it existed at the time appellant originally filed his motion has been amended. However, the changes do not affect the substance of this appeal.