[Cite as *State v. Griffith*, 2021-Ohio-4165.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| JOI KYERA GRIFFITH | : | Case No. 2021 CA 00001 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Court of Common
                                       Pleas, Case No. 2019 CR 1463


JUDGMENT:                              Reversed; Vacated, and Remanded


DATE OF JUDGMENT:                      November 23, 2021


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

KYLE L. STONE                          D. COLEMAN BOND
PROSECUTING ATTORNEY                   116 Cleveland Avenue NW
STARK COUNTY, OHIO                     Canton, OH  44702

By:  VICKI L. DeSANTIS
     110 Central Plaza South - Suite 510
     Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Joi Kyera Griffith appeals the December 4, 2020 judgment of the Stark County Court of Common Pleas which sentenced her to an aggregate total of 9 to 12 years incarceration. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} A recitation of the underlying facts is unnecessary for our resolution of this appeal. On September 25, 2019, as the result of her involvement in a home invasion wherein one of her co-defendants was shot and killed, the Stark County Grand Jury returned an indictment charging Appellant with one count of murder, one count of complicity to aggravated burglary, and two counts of complicity to aggravated robbery. Each count contained a firearm specification.

{¶ 3} Appellant was initially represented by Attorney Laura Mills. On September 27, 2019, Appellant entered pleas of not guilty and on September 30, 2019, she executed a time waiver. On October 1, 2019 Mills filed a motion for bond modification. On October 9, 2019 the trial court granted the motion and Appellant posted bond and was released with GPS monitoring.

{¶ 4} On October 28, 2019 the state extended an offer to Appellant. In exchange for a proffered statement regarding the home invasion and her truthful, honest testimony against her remaining co-defendant, the state would dismiss the charge of murder, agree to an aggregate prison term of 6 to 7.5 years, and stand silent on judicial release when Appellant became eligible. The matter was continued to November 4, 2019 to permit Appellant's consideration of the offer.

{¶ 5} On November 1, 2019, Appellant provided a proffer to the state. On November 4, 2019, a change-of-plea hearing was held during which Appellant accepted the state's plea offer.

{¶ 6} The state placed the agreement on the record and Appellant agreed to the same. The trial court then dismissed the murder charge pursuant to the plea agreement and conducted a Crim.R. 11 colloquy with Appellant before accepting her guilty pleas to the remaining charges. Appellant indicated she had read and understood the plea waiver form, was satisfied with the advice of counsel, and believed counsel had handled her case conscientiously and diligently. Appellant also stated she understood if she failed to testify truthfully and consistently or failed to testify at all, the negotiated plea and agreed upon sentence would be void and the state of Ohio would have the right to reinstate the murder charge. The trial court advised Appellant of her obligations under the agreement and Appellant stated she understood. T(I) 13-14. Finally, Appellant indicated she understood she would be subject to a mandatory 5 years of post-release control upon her release from prison. T(I) 8,13-14, 18-19.

{¶ 7} The trial court then accepted Appellant's pleas of guilty to one count of complicity to aggravated burglary and one count of complicity to aggravated robbery, and found her guilty of the same. T.(I) 20.

{¶ 8} On January 28, 2020, Attorney Mills filed a Motion to Withdraw as Counsel citing fundamental disagreements between Appellant and herself regarding evidence, testimony, and "obligations associated with being a party to this litigation." During a hearing on February 10, 2020, the trial court granted the motion and appointed Attorney Aaron Kovalchik to represent Appellant.

{¶ 9}   Nine months later, on October 6, 2020 Appellant filed a motion to withdraw her guilty pleas. The motion indicated Appellant would not be testifying against her co-defendant as previously promised. Based on this information, on October 7, 2020, the state filed a motion to revoke Appellant's bond. The state's motion was granted the same day and Appellant was arrested. Appellant was scheduled to testify at her co-defendant's trial on October 8, 2020 but given the opportunity, refused to do so. Attorney Kovolchik asserted Appellant's 5th Amendment rights on her behalf.

{¶ 10} On November 3, 2020, a hearing was held on Appellant's motion to withdraw her plea. As grounds to withdraw her plea, Appellant asserted Attorney Mills never went over discovery with her and further failed to explain post-release control. Counsel further indicated during the hearing that Appellant believed she had a defense to the charges, but did not elaborate further on that point. The trial court took the motion under advisement and denied the same by judgment entry on November 10, 2020.

{¶ 11} On November 16, 2020, the state filed a Sentencing Memorandum indicating Appellant had forfeited her right to the sentence she negotiated for in exchange for her truthful and consistent testimony. The state asked the trial court to impose a sentence of 14 to 19.5 years. On November 19, 2020, Attorney Kovolchik filed a motion to withdraw per Appellant's wishes.

{¶ 12}  Appellant's sentencing hearing was scheduled for November 24, 2020. At the hearing, however, Appellant advised she had asked Attorney Kovolchik to withdraw his representation. Appellant was not prepared with representation for sentencing. The trial court therefore continued the matter and appointed Attorney Bernard Hunt for sentencing.

{¶ 13} Appellant's sentencing hearing took place on December 1, 2020. The trial court dismissed count one of the indictment, murder, and then sentenced Appellant to 6 to 9 years for complicity to aggravated burglary and 6 to 9 years for complicity to aggravated robbery. The trial court ordered Appellant to serve these sentences concurrently. The trial court further merged the firearm specifications and ordered Appellant to serve the 3-year sentence for the firearm specification prior to and consecutive to her sentences for complicity to aggravated burglary and aggravated robbery. The trial court indicated its sentence was based on Appellant's breach of her agreement with the state, her conduct and behavior during the pendency of the case, and the trial court's knowledge of the case. Appellant raised no objection.

{¶ 14} Appellant timely filed an appeal and the matter is now before this court for consideration. She raises three assignments of error for our consideration as follow:

I

{¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION AND PLAINLY ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA."

II

{¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION, PLAINLY ERRED AND VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS BECAUSE THE SENTENCE WAS RENDERED VOID WHEN THE TRIAL COURT IMPOSED A DIFFERENT SENTENCE THAN THE SENTENCE THAT WAS PROMISED TO THE APPELLANT PURSUANT TO HER NEGOTIATED PLEA AND AGREED SENTENCE, WHICH WAS ACCEPTED BY THE TRIAL COURT."

III

{¶ 17} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION."

I

{¶ 18} In her first assignment of error, Appellant argues because the plea agreement was rendered void when she refused to testify, the trial court plainly erred by denying her motion to withdraw her guilty plea. We agree, but for different reasons.

### Standard of Review

{¶ 19} Both Appellant and Appellee argue this matter is subject to plain error review. However, both also agree that the question here is interpretation of a plea agreement which is subject to contract law analysis. The interpretation of a written contract is a question of law subject to de novo review on appeal. *St. Marys v. Auglaize Cty. Bd. of Commrs.*, 115 Ohio St.3d 387, 2007-Ohio-5026, 875 N.E.2d 561, ¶ 38. We therefore examine the matter de novo.

### Rules Applicable to Plea Agreements

{¶ 20} A plea agreement is contractual in nature and subject to contract law standards. *State v. Butts*, 112 Ohio App.3d 683, 685-686, 679 N.E.2d 1170 (1996). The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in the agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987). Contractual language giving rise to doubt or ambiguity must be

interpreted against the party who used it. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 667 N.E.2d 949 (1996).

Contractual Language - The Signed Plea Agreement

{¶ 21} Before Appellant's plea hearing on November 4, 2019, Appellant signed an 8-page plea agreement. The portions relevant to this appeal read:

> In exchange for my truthful testimony, the State of Ohio agrees to move the Court to dismiss Count One of the indictment in this case, Murder, a special felony, and its accompanying firearm specification. I understand and agree that I will plead guilty to the remaining charges in the indictment and their accompanying firearm specifications.
>
> I understand and agree that the Court will accept my plea of Guilty and defer sentencing to a later date after I have testified truthfully and consistently at any future trials or hearings. I understand and agree that if I testify truthfully and consistently as required by this negotiated plea agreement, I will receive a minimum sentence of three years on each of the remaining offenses and a maximum sentence of four years and six months to be served concurrently with each other. This prison sentence will be served consecutive to and after I serve a mandatory three-year term for the remaining firearm specifications, which shall merge by agreement of the parties.
>
> * * *

I further understand and agree, that should I fail to testify truthfully and consistently or refuse to testify pursuant to this negotiated plea **and** agreed upon sentence, it will void the agreement and the State of Ohio will reinstate Count One of the indictment and its accompanying firearm specification, and I can be prosecuted to the fullest extent of the law. (emphasis added)

* * *

Discussions on the Record

{¶ 22} During the change-of-plea hearing the state recited the agreement:

The State of Ohio and the Defendant, through counsel, have entered into a negotiated plea agreement pursuant to Criminal Rule 11(f) and Ohio Revised Code Section 2953.08(D)

Pursuant to the terms of that agreement, [Appellant] has agreed to testify truthfully and honestly consistent with the proffer she gave to law enforcement on November 1st, 2019 in the Stark County Jail. She would testify in any future proceedings that involve the death of Nicholas Hug for but - - who but for his death, would be her Co-Defendant in this matter.

In exchange for that truthful testimony, the State of Ohio has agreed to dismiss Count 1 of the - - move to dismiss Count 1 of the indictment in this case. Further, the State of Ohio will make a recommendation upon that dismissal to the Court that it defer

sentencing to a later date until [Appellant] has testified truthfully and consistently on the matters to come in the future.

The state has agreed to recommend that should [Appellant] abide by the terms of this agreement, she will receive a minimum sentence of 3 years on each of the remaining offenses to be served concurrently with each other, and a maximum serve - - term of 4 years and 6 months, also to be served concurrently.

The State has also agreed that the firearm specifications by agreement of the parties should merge, the remaining firearm specifications, so the total minimum prison term of 3 years to 4-and-a-half years be served after [Appellant] serves 3 years on the firearm specification. So that would make, in laymen's terms a prison sentence of 6 years to 7-and-a-half years.

The State of Ohio has also agreed that it will not object to this [Appellant's] application for judicial release if she remains appropriate in prison and complies with the terms of this agreement.

* * *

The [Appellant], however, agrees that the decision to grant judicial release is solely within the discretion of the Court based upon her behavior after this plea.

Finally, the [Appellant] agrees to withdraw any previous motions she has filed, including the suppression motion which was to be heard today.

Finally [sic], the [Appellant] understands that should she fail to testify truthfully and consistently or refuse to testify pursuant to this negotiated plea and agreed upon sentence, this agreement will be voided and the State of Ohio can at that time reinstate Count 1 of the indictment and prosecute her to the fullest extent of the law.

[Appellant] has signed a plea waiver form, which contains a separate signature of her and her counsel, which confirms the terms of the agreement that I have just outlined for the Court. * * *

{¶ 23} Transcript of Plea (T (I)) 3-6.

{¶ 24} The trial court then conducted a Crim.R 11 plea colloquy. The court first inquired whether Appellant agreed with the plea agreement as represented by the state and contained in the signed agreement. Appellant stated she did. Based on that representation and conditioned on the terms contained in the written agreement, the court sustained the State's motion to dismiss the charge of murder as contained in count one of the indictment. T(I) at 7.

{¶ 25} The trial court then inquired:

The Court: * * * Do you understand that you are entering into what we refer to as a negotiated plea and agreed upon sentence?

[Appellant]: Yes.

The Court: Do you understand that this is predicated on or based upon your agreement to testify truthfully and honestly consistent with

your proffer to law enforcement which you gave on November 1st, 2019, and any further proceedings involving the events that led to the death of Nicolas Hug?

[Appellant]: Yes.

* * *

The Court: You understand that if you should fail to testify truthfully or consistently or refuse to testify, that this negotiated plea **and** agreed upon sentence would be void and the State of Ohio would have the right to reinstate the murder charge against you. (emphasis added)

[Appellant]: Yes.

{¶ 26} The fact that the negotiated plea and agreed upon sentence would be void if Appellant failed to testify as agreed is stated throughout the plea agreement as well as throughout discussions on the record.

{¶ 27} "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 129 Ohio St.3d 397, 2011-Ohio-2720, 953 N.E.2d 285, ¶ 37. We cannot construe a contract in such a way that is inconsistent with the unambiguous contract terms. *Butler v. Joshi*, 9th Dist. Wayne No. 00CA0058, 2001 WL 489962, *2 (May 9, 2001), citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978). "Contracts are to be interpreted so as to carry out the intent of the parties, as

that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus.

{¶ 28} Words have meaning and we find the language of the plea agreement clear and unambiguous. Counsel for the state and counsel for Appellant as well as the trial court know there is a distinct difference between and agreement being "void" and an agreement being "voidable" at the election of one of the contracting parties. The plea agreement clearly states if Appellant fails to testify the agreement is void. The voiding of the agreement is self-executing. In other words it is not merely voidable at the election of the state of Ohio. The trial court stated during the change-of-plea hearing the agreement would be void if Appellant refused to testify. Upon Appellant's failure to do so, the entire plea agreement, not just the agreed upon sentence, was automatically void according to its own terms. When Appellant refused to testify the parties were returned to the position they were in before Appellant's guilty pleas were entered.

{¶ 29} The first assignment of error is sustained.

## II, III

{¶ 30} Based on our resolution of the first assignment of error. Appellant's final assignments of error are moot.

{¶ 31} The judgment of the Stark County Court of Common Pleas is reversed; Appellant's guilty pleas and sentence are vacated, and the matter is remanded to the trial court for further proceedings.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, J., J. concur.

EEW/rw