[Cite as *State v. Schroer*, 2026-Ohio-1711.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>  Plaintiff - Appellee<br><br>-vs-<br><br>SCOTT SCHROER,<br><br>  Defendant - Appellant | Case No. 2025 CA 0064<br>    2025 CA 0065<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Richland County Court of Common Pleas, Case Nos. 2024-CR-00157 and 2024-CR-00328<br><br>Judgment:   Reversed and Remanded<br><br>Date of Judgment Entry: May 11, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** JODIE M. SCHUMACHER, Prosecuting Attorney, MICHELLE FINK, Assistant Prosecuting Attorney, for Plaintiff-Appellee; DARIN AVERY, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}** The appellant, Scott Schroer, appeals the July 28, 2025, judgment entries of the Richland County Court of Common Pleas overruling his motions for judicial release. The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

**{¶2}** On March 21, 2024, the appellant was indicted in the Richland County Court of Common Pleas, Case No. 2024 CR 0157, on one count of Attempted Burglary, a felony of the fifth degree, in violation of R.C. 2911.12 and one count of Menacing, a misdemeanor of the fourth degree, in violation of R.C. 2903.22.

{¶3} On May 10, 2024, the appellant was indicted in the Richland County Court of Common Pleas, Case No. 2024 CR 0328, on one count of Possession of a Fentanyl-Related Compound, a felony of the fifth degree, in violation of R.C. 2925.11 and one count of Illegal Use or Possession of Drug Paraphernalia, a misdemeanor of the fourth degree, in violation of R.C. 2925.14.

{¶4} On June 3, 2024, the appellant entered pleas of guilty to Attempted Burglary in Case No. 2024 CR 0157 and Possession of a Fentanyl-Related Compound in Case No. 2024 CR 0328. The misdemeanor counts were dismissed as part of the negotiated resolution. The judgment entry in Case No. 2024 CR 0157 stated, under the portion identifying promises made as part of the plea agreement: "Plead to this case and 2024 CR 328 N for a total of 4 years JR after one year and complete CBCF." The corresponding entry in Case No. 2024 CR 0328 contained substantially identical language, referencing Case No. 2024 CR 157.

{¶5} At the change-of-plea hearing, the State represented that the appellant would be sentenced to four years in prison through the totality of both cases, "with judicial release after a year given good behavior in that institution." The trial court thereafter accepted the appellant's pleas. The appellant was sentenced to three years in Case No. 2024 CR 0157, consecutive to one year in Case No. 2024 CR 0328, for an aggregate four-year prison term.

{¶6} On February 3, 2025, the appellant filed pro se motions for judicial release in both cases. The State opposed the motions, not on the basis that judicial release was unavailable under the plea agreement, but because the motions were premature. Specifically, the State asserted that the parties understood the appellant could seek judicial release after serving an entire year in prison and that the appellant was requesting

judicial release approximately four months early. The trial court denied the motions, finding that the appellant's motions were premature.

{¶7} On June 24, 2025, the appellant, through counsel, again moved for judicial release in both cases. The motions referred to the discussions had with the trial court at the time of sentencing. The State opposed the motions. This time, the State argued that the appellant's criminal conduct in the present cases and his prior criminal behavior made him a poor candidate for early release. The trial court denied the motions without a hearing. In case No. 2024 CR 157, the trial court stated: "This was a serious offense." In Case No., 2024 CR 0328, the trial court stated: "This is an agreed upon sentence."

{¶8} The appellant filed a timely notice of appeal and raises one assignment of error:

{¶9} "I. THE TRIAL COURT ERRED IN OVERRULING SCHROER'S MOTION FOR JUDICIAL RELEASE IN BREACH OF HIS COURT-APPROVED PLEA AGREEMENT."

## MOTION TO DISMISS

{¶10} Before addressing the appellant's assignment of error, we first consider the State's Motion to Dismiss. The State contends that the July 28, 2025, entries are not final appealable orders because the denial of a motion for judicial release is generally not final and appealable.

{¶11} We agree with the State's general proposition. A trial court's denial of judicial release ordinarily is not a final appealable order. *See State v. Mayle*, 2008-Ohio-3761, ¶13 (5th Dist.); *State v. Cruz*, 2021-Ohio-947, ¶6 (8th Dist.).

{¶12} This appeal, however, is not presented as a routine challenge to the denial of judicial release. The appellant contends that judicial release after one year was a term

of the negotiated plea agreement, that the State breached that agreement by opposing the renewed motions for judicial release, and that the trial court erred by denying relief after the State failed to honor the agreement. Courts have recognized that, where judicial release is part of a negotiated plea agreement and the defendant alleges a breach of that agreement, the order denying judicial release may affect a substantial right and be final and appealable. *State v. Jimenez*, 2009-Ohio-4337, ¶6 (9th Dist.); *State v. Francis*, 2011-Ohio-4497, ¶14 (4th Dist.).

{¶13} The State also argues the appellant failed to preserve the plea-agreement issue because he did not file a separate motion to compel specific performance. We are not persuaded. The appellant's June 24, 2025, motions requested judicial release pursuant to the discussions had with the court at the time of sentencing. The written plea entries contained the disputed language regarding judicial-release. The State's response then placed its own understanding of the plea agreement and the appellant's suitability for release at issue. The trial court denied the motions six days after the State's response and without a hearing. On this record, the appellant was not required to file a separate motion captioned as one to compel specific performance in order to preserve the substance of his claim.

{¶14} The State further argues res judicata bars the appeal because the appellant failed to appeal from the denial of his February 2025 pro se motions. The February motions were denied as premature. The State itself argued that at the time the appellant had not yet served one year in prison. The trial court denied relief on that basis. Because the February denials did not reject judicial release after the one-year mark or resolve the alleged breach now asserted, they do not bar the present appeal.

{¶15} The State's motion to dismiss is denied.

# I.

**{¶16}** In his sole assignment of error, the appellant argues that the trial court erred in overruling his motions for judicial release because the State breached the plea agreement by opposing judicial release after the appellant served one year in prison. We agree.

## STANDARD OF REVIEW

**{¶17}** The existence and interpretation of a plea agreement present questions of law we review de novo. *State v. Griffith*, 2021-Ohio-4165, ¶19 (5th Dist.). Whether a party has breached a plea agreement also presents a legal question when the material facts are undisputed. To the extent the issue requires factual findings, we defer to the trial court's findings if supported by competent, credible evidence. However, where, as here, the trial court denied the motions without a hearing, and the issue turns on the written plea entries, the hearing transcript, and the appellee's written responses, our review is de novo.

**{¶18}** Plea agreements are contracts between the State and a criminal defendant. *State v. Bethel*, 2006-Ohio-4853, ¶50. Principles of contract law are generally applicable to the interpretation and enforcement of plea agreements. *Id.* at ¶50. But plea agreements are not ordinary commercial contracts. A guilty plea involves the waiver of fundamental constitutional rights. " 'When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " *State v. Emch*, 2023-Ohio-3553, ¶24 (5th Dist.), quoting *Santobello v. New York*, 404 U.S. 257, 262-263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

## ANALYSIS

{¶19} The appellant first argues that, by accepting the negotiated plea agreement, the trial court was bound to grant judicial release. We disagree. The appellant has not supported the proposition that a plea agreement between the State and a defendant automatically binds the trial court to grant judicial release at a future date. Judicial release is governed by R.C. 2929.20, and the decision whether to grant judicial release remains in the trial court's statutory authority. A prosecutor and defendant may negotiate terms that bind the parties, but they may not, by agreement alone, divest the trial court of its authority to determine whether judicial release should be granted.

{¶20} The written plea language in this case does not expressly require the trial court to grant judicial release. Nor does it identify statutory findings or otherwise establish that the court surrendered its future discretion under R.C. 2929.20. The trial court's acknowledgment of the parties' negotiated resolution is not the same as a binding promise by the court to grant judicial release regardless of future circumstances. Accordingly, we decline to hold that the trial court was contractually bound by the parties' agreement to grant judicial release after one year.

{¶21} However, that conclusion does not end the inquiry. Although the plea agreement did not bind the trial court to grant judicial release, it did bind the State. Therefore, the question is whether the State honored the promise it made in exchange for the appellant's guilty pleas.

{¶22} The written plea entries stated that the appellant would plead to both cases for "a total of 4 years JR after one year and complete CBCF." The State's statement at the plea hearing was consistent with a four-year aggregate prison sentence and judicial release after one year, with the added phrase "given good behavior in that institution."

The agreement was not artfully drafted. It did not specify whether the appellee was required to affirmatively support judicial release, whether the appellee was merely required not to oppose judicial release, what showing would constitute a failure of "good behavior," who would determine such a failure, or what procedure would apply if the appellee claimed the appellant had forfeited the benefit of the agreement.

{¶23} Ambiguities in a plea agreement are construed against the State. *Bethel* at ¶52, citing *United States v. Johnson*, 979 F.2d 396, 399 (6th Cir.1992). The rule is particularly appropriate in the plea context because the State obtains the benefit of a defendant's waiver of trial rights and guilty plea. A defendant is entitled to the benefit of the bargain that induced the plea, and the State may not obtain the plea and later define ambiguous terms in a manner that deprives the defendant of the promised benefit. *Santobello,* 404 U.S. at 262-263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

{¶24} We therefore construe the agreement to mean, at a minimum, that once the appellant had served one year in prison, the State was required to honor the judicial-release term of the bargain by supporting or not opposing judicial release unless the appellant materially breached a condition of the plea agreement. The State remained free to advise the trial court of the terms of the agreement and any properly established post-plea breach. But the State was not free to oppose judicial release based upon the appellant's underlying criminal conduct or prior criminal history, matters known to the State when it entered the agreement.

{¶25} The record demonstrates that the State did not honor that obligation. After the appellant filed renewed motions for judicial release in June 2025, the State did not merely advise the trial court of the agreement and submit the matter to the court's discretion. Nor did the State argue in the trial court that the appellant had violated a post-

plea condition of the agreement. Rather, the State opposed judicial release because the appellant's criminal behavior in the present cases and his previous cases made him a poor candidate for early release. Those reasons were known to the State at the time it entered into the plea agreement. The State could have refused to include a judicial-release term in the plea bargain, expressly reserved the right to oppose judicial release, or clearly limited its promise to a nonbinding eligibility statement. It did not do so.

{¶26} The State received the benefit of the bargain. The appellant entered guilty pleas in two felony cases, received an aggregate four-year prison term, and waived his fundamental rights to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt. *Santobello,* 404 U.S. at 264. Having received that benefit, the State was required to perform its part of the agreement. Its affirmative opposition to judicial release on grounds known at the time of the plea was inconsistent with the written plea terms and constituted a breach of the plea agreement.

{¶27} The State argues on appeal that the appellant failed to maintain good behavior while incarcerated. We do not consider that contention for purposes of resolving this appeal. The alleged "good behavior" contingency was not raised by the State in opposition to the appellant's June 24, 2025, motions in the trial court. No hearing was held. No evidence of institutional misconduct was presented. No factual record was developed establishing that the appellant violated any condition of the plea agreement, and the trial court did not deny judicial release on that basis. A reviewing court cannot enlarge the record by accepting factual assertions contained in an appellate brief. *State v. Harper,* 2011-Ohio-4568, ¶69 (5th Dist.). Nor may a party raise a new factual theory for the first time on appeal. *See Geary v. Geary,* 2015-Ohio-259, ¶38 (5th Dist.). Accordingly,

any argument that the appellant forfeited the benefit of the agreement by failing to maintain good behavior in prison is waived for the purposes of this appeal.

{¶28} We emphasize the limited nature of our holding: only that the State breached the plea agreement by opposing judicial release based on factors known to it when it entered the agreement and without establishing any post-plea breach by the appellant. The appropriate remedy is specific performance of the State's promise, not an appellate order granting judicial release outright.

{¶29} Specific performance in this context requires renewed consideration of the appellant's motions for judicial release, with the State honoring its end of the bargain. On remand, the State shall not oppose judicial release on grounds known to it at the time of the plea agreement.

{¶30} The appellant's sole assignment of error is sustained.

## CONCLUSION

{¶31} The State's Motion to Dismiss is denied. The judgment of the Richland County Court of Common Pleas is reversed. The case is remanded for further proceedings consistent with our instructions.

{¶32} Costs to the appellee.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.